Wood, *Appellant*, v. Wood.

DIVISION ONE.

Fraud: UNDUE INFLUENCE: DEED. The evidence in this case examined and *held* not to sustain the charge that the deed in question was obtained by the grantee by means of fraud and undue influence.

*Appeal from St. Francois Circuit Court.*—Hon. J. D. Fox, Judge.

Affirmed.

*Carter & Weber, Silver & Brown, G. M. Wilson* and *J. F. Bush* for appellant.

(1) A contract requires the assent of two minds, and where one of the parties is incapable of understanding and of acting in the ordinary affairs of life, he cannot make a contract that will have efficacy as such. *Dexter v. Hall,* 15 Wall. 20, 24. The foregoing is the rule announced by the supreme court of the United States and in England, and is undoubtedly a just and reasonable one. The insanity of Joshua Wood is shown in the evidence, *first,* by the great number of delusions of which he was the victim; *second,* his general conduct and appearance at and about the time of the execution of the deed; *third,* by the proof of his blood being directly tainted with insanity. (2) *First.* It was not, however, essential to show that the grantor was actually insane. It was sufficient to show that from his sickness and infirmities "he was at the time in a condition of great mental weakness, and that there was gross inadequacy of consideration for the conveyance. From these circumstances imposition or undue influence will be inferred." *Allore v. Jewell,* 94 U. S. 506, per FIELD, J.; *Harding v. Handy,* 11 Wheat. 125; *Harding v. Wheaton,* 2 Mason, 378; *Moore v. Moore,* 56 Cal. 89; *Highberger v. Wife,* 21 Md. 338; *Earl of Aylesford v. Morris,* L. R. 8 Ch. 490. *Second.* And a court of equity will, upon the application of the injured party or his representative or heirs, interfere and set aside the conveyance. *Allore v. Jewell,* 94 U. S. 506, and authorities *supra.* *Third.* Where the circumstances attending the making of a contract are such as to excite suspicion of fraud, misrepresentation or undue influence on the one side, or credulity on the other, it will be set aside in equity. *Dailey v. Jesup,* 72 Mo. 145; *Griffith v. Townley,* 69 Mo. 13; *Faust v. Berner,* 30 Mo. 414; *Nelson v. Betts,* 21 Mo. App. 219. *Fourth.* Inadequate

consideration is of itself sometimes sufficient proof of fraud, and becomes controlling when coupled with circumstances tending to show fraud or undue influence. *Nelson v. Betts*, 21 Mo. App. 219 ; *Curd v. Lackland*, 49 Mo. 451 ; *Cole Co. v. Madden*, 91 Mo. 585. *Fifth.* The evidence shows that the defendant, for the grossly inadequate consideration of one-fourth of the value of the land, was enabled to extort the deed from Joshua Wood when he was physically and mentally *in extremis*, by her importunities, weeping, representations that his children by a former wife would turn her out of doors on his death, and by her refusal to join in a deed to one of his sons unless he made the deed in controversy to her. *Sixth.* The fact that the deed was in conflict with the provisions of the will is a circumstance against defendant. *Shakespeare v. Markam*, 72 N. Y. 400. ( 3 ) *First.* The supreme court is not concluded by the finding of the lower court in an equity case, and if not satisfied it will reverse it. *McElroy v. Maxwell*, 101 Mo. 295 ; *Benne v. Schnecko*, 100 Mo. 250. *Second.* Positive testimony is entitled to more weight than that of a negative character. *Sullivan v. Railroad*, 72 Mo. 195 ; *State v. Gee*, 85 Mo. 647. *Third.* Laches is not available as a defense in this case. *Kline v. Vogel*, 90 Mo. 250, 251.

*Dinning & Byrns* with *W. R. Taylor* for respondent.

(1) Imbecility of mind, not amounting to lunacy or idiocy, in the grantor of land is not of itself sufficient to avoid a deed. *Tolson v. Garner*, 15 Mo. 494. The presumption of law is in favor of his capacity. *Tolson v. Garner*, *supra*, p. 497 ; *Jackson v. Hardin*, 83 Mo. 75. (2) If Joshua Wood, at the time he made this deed, comprehended the subject of it and its nature and probable consequences, then it was a valid conveyance. Bishop on Contracts [ Enlarged Ed.] sec. 962 ; *Lewis v. Baird*, 3 McClean, 56 ; *Beckwith v. Butler*, 1 W. Va. 224 ; *Turner v. Howard*, 6 Blackf. 240 ; *Lozer v. Shields*,

Wood v. Wood.

8 C. E. Green, 509; 1 Chit. Con. [11 Am. Ed.] 105; *Bond v. Bond*, 7 Allen, 1; *Brown v. Brown*, 108 Mass. 386; *Henderson v. McGregor*, 30 Wis. 78; *Musselman v. Cravens*, 47 Ind. 1; *Edwards v. Davenport*, 20 Fed. Rep. 756, 758, 759. (3) The appellant does not claim that Joshua Wood was a lunatic, but that he had delusions. The derangement must cover this special matter, and be in degree sufficient to disqualify him from comprehending the subject of his act and its nature and probable consequences. *Keithley v. Keithley*, 85 Mo. 217; Bishop on Contracts, sec. 963; *Moore v. Moore*, 67 Mo. 192; *Hover v. Hobson*, 55 Mo. 278; *Miller v. Craig*, 36 Ill. 109; *Dennette v. Dunate*, 44 N. H. 531; *Odell v. Buck*, 21 Wend.; *Farman v. Brooks*, 9 Pick. 212; *Somes v. Skinner*, 16 Mass. 360; *Sunderland v. Hood*, 84 Mo. 293. (4) Joshua Wood knew the effect of this deed and everything connected with that transaction; he had intended to make this deed for at least two years before; he gave the description of the land he wanted to convey. The law presumes he was sane. This legal assumption is based on a fact of which every court will take judicial notice, viz., that sanity is the normal condition of the human mind, insanity the abnormal. Thirteen of his intimate acquaintances (and we believe only two any kin to defendant) testified to his sanity, etc. It was not negative testimony; they swore he was sane. *Jackson v. Vanderseen*, 5 John. 158; 13 Vesey, Jr., 88; *Jackson v. King*, 4 Cowen, 216. (5) The undue influences for which a will or deed will be annulled must be such as that the party making it has no free will—it must amount to force or coercion destroying free agency at the time the instrument was made. *County v. Nailor*, 118 U. S. 127; *Sunderland v. Hood*, 84 Mo. 293. (6) There is absolutely no evidence in this record that defendant had an undue influence over her husband, or that he did not fully understand the nature and character of this conveyance. This deed was his, and his alone—the result of his intention, formed at

least two years prior. He had the use of his wife's money for eleven years, and, besides, he had the right to dispose of his property, by will or deed, to the exclusion of his heirs. There are no creditor's rights involved. The plaintiff ought not to be heard to complain after he has stood by and recognized the validity of this deed for eight years, and in the meantime he and the other heirs settle and divide among themselves the estate of Joshua Wood. (7) The trial court committed no error; its judgment is supported by the evidence; it is for the right party, and we respectfully submit that it ought to be affirmed.

BRACE, J.—In this action the plaintiff seeks to set aside a deed executed by Joshua Wood, late of St. Francois county, deceased, dated June 5, 1879, conveying certain real estate therein described in fee to the defendant, on the ground that at the time said deed was executed the said Joshua was of unsound mind, and that the defendant procured said deed to be made to her by fraud and undue influence.

The plaintiff is a son of Joshua Wood by a former marriage; the defendant is his widow. Joshua Wood died on the seventh of July, 1879; on the eleventh of January, 1877, he made a will by which he devised his land, about one hundred and ninety acres, to the defendant for life, remainder in fee to plaintiff, subject to a charge in favor of the representatives of the defendant to the amount of $400 received by him. The land for her dower interest in her former husband's estate, conveyed to the defendant for the same consideration by said deed of June 5, 1879, was a part of the land devised as aforesaid. Within a year after the death of the said Joshua the defendant renounced the provisions of his will, the estate was settled up, the heirs being all of age, the estate was distributed without regard to the provisions of the will, and eight years thereafter this suit was commenced.

The court after hearing all the evidence found for defendant and dismissed the bill. The only ground urged on this appeal for a reversal of the judgment of the court below is that the weight of the evidence is against the finding of the court.

After a careful consideration of all the evidence as it appears in the record, we have no hesitation in saying that there is no evidence whatever to sustain the charge that the deed was obtained by the defendant by fraud or undue influence, and that the finding of the court that at the time the deed was executed by the said Joshua he was of sound mind and capable of making the deed, is supported by the evidence. The judgment of the circuit court is, therefore, affirmed. All concur.